IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOLID CONCEPTS, LLC.                    :

                                        :

    v.                                  :    Civil Action No. DKC 09-2377

                                        :

FALLEN SOLDIERS, INC., ET AL.

                                        :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case are (1) a motion to dismiss filed by Defendant Isaac Gibson (Paper 51) and (2) a motion to dismiss filed by Defendant Gaylord National, LLC. (Paper 50). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motions will be granted, with leave to amend as to Gaylord National, LLC.

## I.   Background

This case arises from investments made by Plaintiff Solid Concepts, LLC in relation to "The African & International Friends Inaugural Ball" ("Ball") that was to be held on January 20, 2009, to commemorate the inauguration of President Barack Obama. Defendant Gaylord National, LLC ("Gaylord") owns and operates the Gaylord National Resort and Convention Center ("Convention Center") where the Ball was to be held. Defendant

Isaac Gibson ("Gibson") is an individual whose role in the Ball is unclear. Plaintiff alleges that Fallen Soldiers, Inc., The Alliance for Business Strategy, Inc., Karen Bryant Coachman, and Walter Fauntroy, who are also Defendants in this action, organized the Ball, and solicited investments in the Ball from Plaintiff. (Paper 48 ¶ 10). On or about December 26, 2008, Plaintiff entered into an agreement (the "Reservation Contract") with Gaylord to reserve a block of 576 rooms at the Convention Center for January 20 and 21, 2009. (Paper 48, Attach. 2, at 19). The cost of these rooms was $1,155,875.44. Plaintiff alleges that Fallen Soldiers, Inc., The Alliance for Business Strategy, Inc., Karen Bryant Coachman, and Walter Fauntroy, assured Plaintiff that they would resell the rooms as part of sponsorship packages for the Ball and repay Plaintiff double its investment. (Paper 48 ¶ 18). Plaintiff also alleges that it paid expenses related to the Ball on behalf of Fallen Soldiers, Inc., which Gibson orally promised to repay. (Paper 48 ¶ 26).

On or about May 8, 2009, Plaintiff commenced this action in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida. (Paper 1 ¶¶ 1, 5). On June 2, 2009, Gaylord removed this action to the United States District Court for the Southern District of Florida, West Palm Beach Division. (*Id.*). On September 8, 2009, the case was transferred to the

2

United States District Court for the District of Maryland. (Paper 37). Plaintiff's Amended Complaint contains ten counts, three against Gaylord: Breach of Contract (Paper 48, Count V ¶¶ 55-61), Unjust Enrichment (Count VI ¶¶ 62-68), and Accounting (Count VII ¶¶ 69-72), and one against Gibson, Breach of Contract (Count IX ¶¶ 78-82).[1] The remaining six counts involve the other Defendants. On October 23, 2009, Gaylord filed a motion to dismiss the claims against it. On October 27, 2009, Gibson filed a motion to dismiss the claim against him.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading

---

[1] In a federal diversity case, the court must apply the choice-of-law rules of the forum state, which in this case, is Maryland. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Absent a choice-of-law provision in the contract, "Maryland applies the law of the jurisdiction where the contract was made to matters regarding the validity and interpretation of contract provisions, and a contract is made where the last act necessary to make the contract binding occurs." *Riesett v. W.B. Doner & Co.*, 293 F.3d 164, 173 n.5 (4th Cir. 2002)(internal citations omitted). Here, the last act necessary to make the contract binding between Plaintiff and Gaylord occurred in Maryland, where Rene McCoy signed the Reservation Contract on behalf of Gaylord. It is unclear where the alleged contract between Plaintiff and Gibson was made binding. In any event, the parties all agree that Maryland law applies to this dispute.

standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

*See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III. Analysis

### A. Breach of Contract Claim Against Gibson

The factual allegations about Gibson appear in paragraph 26: "Plaintiff also paid various expenses for or on behalf of Fallen Soldiers related to the Inaugural Ball which, Gibson orally represented he would repay." Gibson moves to dismiss Count IX, the breach of contract claim against him. Gibson argues that Plaintiff attempts to hold him liable for the debts of Fallen Soldiers, Inc. based on an oral promise. Gibson maintains that this count fails because the Maryland Statute of Frauds "completely bars a plaintiff from 'an action' for an oral promise to answer for the debt of another." (Paper 51, at 3). Gibson also argues that the complaint fails to satisfy the pleading requirements of Fed.R.Civ.P. 8(a)(2). Plaintiff

contends that it has adequately pled the breach of contract claim and that the claim is not barred by the Statute of Frauds because Gibson was "primarily responsible" for the repayment of expenses Plaintiff paid on behalf of Fallen Soldiers, Inc. (Paper 60, at 5).

The Maryland Statute of Frauds states, in pertinent part:

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought:(1) To charge a defendant on any special promise to answer for the debt, default, or miscarriage of another person[.]

Md. Code Ann., Cts. & Jud. Proc. § 5-901. Here, Plaintiff does not point to any written document signed by Gibson and alleges only that it "paid various expenses for or on behalf of Fallen Soldiers related to the Inauguration Ball which, Gibson orally represented he would repay to the Plaintiff . . . ." (Paper 48 ¶ 79). Plaintiff states that Gibson was "primarily responsible" for the debt of Fallen Soldiers, Inc.; however, phrasing Gibson's obligation in this way does not change the fact that Plaintiff attempts to hold Gibson liable for someone else's debt. This claim is therefore barred by the Statute of Frauds and will be dismissed.

**B.   Claims Against Gaylord**

The factual allegations against Gaylord are found in paragraphs 21, 22, 25, and 29.  Plaintiff purchased the block of rooms, understanding that the rooms would only be utilized by attendees or guests at the Ball.  As relevant to the breach of contract and unjust enrichment claims, Plaintiff avers upon information and belief that Gaylord competed with Plaintiff in the sale of the rooms by offering other rooms at a lower price.  Plaintiff also alleges that Gaylord received separate payments from guests for rooms in Plaintiff's block which were not reimbursed to Plaintiff.  While the currently pled claims will be dismissed, Plaintiff may be able to state a breach of contract claim against Gaylord based on the alleged reselling of rooms in Plaintiff's block to other guests and will be given an opportunity to amend again.

**1.   Breach of Contract Claim Against Gaylord**

Plaintiff alleges in Count V that Gaylord breached the implied duty of good faith and fair dealing in the Reservation Contract by renting hotel rooms, on the nights of Plaintiff's reservations, for less than it had charged Plaintiff.  Gaylord argues that the implied duty of good faith and fair dealing did not prohibit it from competing with Plaintiff for the sale of rooms.  (Paper 50, at 7).  Plaintiff responds that Gaylord's

actions prevented Plaintiff from obtaining the "fruits of the contract" and therefore breached the implied duty of good faith and fair dealing in the Reservation Contract. (Paper 60, at 9).

Maryland law recognizes an implied duty of good faith and fair dealing in negotiated contracts. *Eastern Shore Markets, Inc., v. J.D. Associates*, 213 F.3d 175, 182 (4th Cir. 2000). This duty prohibits one party from preventing the other party from performing his obligations under the contract. *Id.* at 182-83. It does not, however, "interpose new obligations about which the contract is silent . . . ." *Id.* at 183. It is "simply a recognition of conditions inherent in expressed promises." *Id.* at 184. In *Eastern Shore Markets*, the United States Court of Appeals for the Fourth Circuit explained:

> [I]f a party promises to pay for its purchase of a business from the profits of a business, inherent in this promise is the agreement that the promisor will exercise reasonable diligence in continuing to conduct the business. *See Automatic Laundry [Service, Inc. v. Demas]*, 141 A.2d [497], 501 [(1958)]. In the same vein, a promisor who undertakes to distribute products for the promisee impliedly agrees to exercise best efforts, *see Foster-Porter Enterprises v. De Mare*, 198 Md. 20, 81 A.2d 325, 332-33 (Md. 1951), and a promisor who undertakes to exercise judgment on behalf of a promisee impliedly agrees to exercise good judgment, *see Julian v. [Christopher]*, 575 A.2d [735], 738-39 [(2000)].

*Id.* at 184.

Here, Plaintiff attempts to impose a substantial obligation on Gaylord that is not mentioned in the written agreement.[2] Gaylord rents hotel rooms for profit. When it contracts to reserve rooms for a party, even if it knows that these rooms will be resold for profit, it does not implicitly agree to refrain from renting its remaining rooms at a profitable rate. Prohibiting Gaylord from renting its remaining rooms would not be a recognition of a condition inherent in its express promises to Plaintiff, but rather, it would be the insertion of an entirely new promise into the agreement. The implied duty of good faith and fair dealing did not prohibit Gaylord from renting rooms to third parties. Plaintiff's claim against Gaylord for breach of contract fails to state a claim and will be dismissed.

### 2. Unjust Enrichment Claim Against Gaylord

Plaintiff alleges in Count VI that Gaylord was unjustly enriched because it retained Plaintiff's payment for rooms that were rented out to third parties, and for rooms that went

---

[2] Plaintiff cites *Electronics Store, Inc., v. Cellco Partnership*, 127 Md. App. 385 (1999) to support its contention. Plaintiff fails to note, however, that the court in *Electronics Store* was interpreting New Jersey contract law. *Id.* at 396. Furthermore, unlike *Electronics Store*, where the plaintiff challenged the way in which the defendant carried out an express term of the contract, here Plaintiff seeks to insert a new condition that would govern aspects of Gaylord's business that were not the subject of its contract with Plaintiff.

unoccupied. (Paper 48 ¶¶ 63-67). Gaylord argues that Plaintiff has failed to state a claim for unjust enrichment because: (1) the subject matter of the claim is governed by the parties' contract, and (2) Plaintiff has not alleged that Gaylord received a benefit from Plaintiff that it did not have the right to receive. (Paper 50, at 8, 11). Plaintiff responds that its claim is not barred by the existence of a contract because there is a dispute as to whether Gaylord terminated the contract by reselling the rooms, and because the existence of an adequate legal remedy is uncertain. (Paper 60, at 9, 10).

To state a claim for unjust enrichment under Maryland law, Plaintiff must allege that (1) it conferred a benefit on Gaylord, (2) that Gaylord appreciated or had knowledge of that benefit, and (3) that Gaylord accepted or retained the benefit without the payment of its value. *See Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007). A claim for unjust enrichment, however, may not be brought where the subject matter of the claim is covered by an express contract between the parties. *FLF, Inc. v. World Publications, Inc.*, 999 F.Supp. 640, 642 (D.Md. 1998). In *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83 (2000), the Court of Appeals of Maryland explained:

> The general rule is that no quasi-contractual claim can arise when a contract

exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. (Citations omitted.) The reason for this rule is not difficult to discern. When parties enter into a contract they assume certain risks with an expectation of a return. Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated. As a result, they have no remedy under the contract for restoring their expectations. In desperation, they turn to quasi-contract for recovery. This the law will not allow.

*Id.* (quoting *Mass Transit Admin. v. Granite Constr. Co.*, 57 Md.App. 766, 776 (1984)).

Plaintiff's rental of the hotel rooms was covered by the parties' Reservation Contract. Therefore, Plaintiff may not bring a quasi-contractual claim for unjust enrichment and Plaintiff's unjust enrichment claim will be dismissed.

**3. Claim for Reselling of Rooms in Plaintiff's Block**

Plaintiff has argued that it had the exclusive right to use and occupy rooms in the Block and that Gaylord resold at least some of those rooms. These allegations may potentially state a viable claim for breach of contract, although currently included in the unjust enrichment claim. (Plaintiff argues that the reselling of the same rooms served to "terminate" the contract.) While Gaylord recites these facts in its motion to dismiss, it argues somewhat contradictorily as follows: "Here the Plaintiff

11

simply avers that Gaylord received payment from other individuals for rooms in the block reserved by the Plaintiff. However, Plaintiff has not claimed that Plaintiff attempted to sell rooms from its hotel block and was unable to do so because Gaylord had already sold them to other customers." (Paper 50, at 12). This argument misses the point. The rooms in Plaintiff's Block were not Gaylord's to sell to others. If all of its other rooms were rented, and additional customers sought rooms, Gaylord would have to advise the potential guests that it had no rooms available. Of course, they might also tell the potential guests that Plaintiff might have available rooms in its block. Those rooms were Plaintiff's to use or rent or leave vacant. Gaylord can't have it both ways. It received full payment from Plaintiff for the rooms in the Block and agreed to reserve those rooms for Plaintiff. If, as Plaintiff alleges, Gaylord resold some of those rooms to others, it could have been in breach of its contractual obligations to Plaintiff because it did not reserve those rooms exclusively for Plaintiff.

Plaintiff has not moved for leave to amend, but, because there might be a different breach of contract claim available, Plaintiff will have twenty-one days to amend its complaint.

## C. Accounting Claim Against Gaylord

Gaylord argues that the accounting claim against it, Count VII, is moot and should be dismissed if the breach of contract and unjust enrichment claims are dismissed. (Paper 50, at 14). Gaylord also argues that Plaintiff has failed adequately to plead an accounting claim because it has not alleged that the accounts between Plaintiff and Gaylord are so complicated as to justify a separate accounting, or that "Gaylord national has a duty to render to it [Plaintiff] an account." (Paper 50, at 15). Plaintiff responds that "[i]n light of the number of hotel rooms, the number of Plaintiff's guests occupying the rooms paid for by the Plaintiff, [and] the number of Gaylord's third party guests occupying the rooms paid for by the Plaintiff, an accounting is an appropriate and an equitable remedy under the circumstances." (Paper 60, at 11).

An accounting is a remedy, not an independent cause of action. *See, e.g., IFAST, Ltd. v. Alliance for Telecommunications Industry Solutions, Inc.*, Civil No. CCB-06-2088, 2007 WL 3224582, at *11 (D.Md. 2007)(citing 1A C.J.S. Accounting § 6 (2007))("An accounting is . . . a remedy, not a separate cause of action, and not available absent some independent cause of action."). The present breach of contract and unjust enrichment claims against Gaylord will be dismissed,

13

and therefore the accounting claim against Gaylord will also be dismissed. Plaintiff will, however, be able to include a request for an accounting in any newly pled contract claim.

## IV. Conclusion

For the foregoing reasons, the motions to dismiss filed by Defendants Isaac Gibson and Gaylord National, LLC will be granted. A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge