IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOLID CONCEPTS, LLC         :
                            :
    v.                      :    Civil Action No. DKC 09-2377
                            :
FALLEN SOLDIERS, INC., et al. :
                            :

**MEMORANDUM OPINION**

Presently pending and ready for review is the motion of Defendant Gaylord National, LLC to dismiss the claim alleged against it in Plaintiff's second amended complaint (ECF No. 80). The issues have been fully briefed and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the reasons that follow, Defendant's motion will be denied.

I. **Background**

This case arises from investments made by Plaintiff Solid Concepts, LLC, in relation to "The African & International Friends Inaugural Ball" ("Ball") that was to be held on January 20, 2009, to commemorate the inauguration of President Barack Obama. Defendant Gaylord National, LLC ("Gaylord") owns and operates the Gaylord National Resort and Convention Center where the Ball was to be held. At the direction and insistence of the organizers of the Ball, Defendants Fallen Soldiers, Inc., the Alliance for Business Strategy, Inc., Karen Bryant Coachman,

and Walter Fauntroy, on or about December 26, 2008, Plaintiff entered into the Inaugural Ball Gaylord National Hotel Block Contract (the "contract") with Gaylord to reserve a block of 576 rooms at the Convention Center for January 20 and 21, 2009. Plaintiff paid a non-refundable deposit of $1,155,875.44, one hundred percent of the full amount, to reserve the rooms, with the understanding that Fallen Soldiers, Inc., The Alliance for Business Strategy, Inc., Karen Bryant Coachman, and Walter Fauntroy would resell the rooms as part of sponsorship packages for the Ball and repay Plaintiff double its investment. Ultimately the entirety of Plaintiff's block of rooms was not reserved by guests of the Ball, and Plaintiff alleges that a portion of its reserved rooms were sold to other guests by Gaylord National.

Plaintiff filed a ten count complaint on May 8, 2009, including claims of breach of contract and unjust enrichment against Defendant Gaylord National. (ECF No. 1). Plaintiff filed an amended complaint on October 16, 2009. (ECF No. 48). Gaylord National and Defendant Isaac Gibson filed a motion to dismiss that was granted without prejudice, and Plaintiff subsequently filed its second amended complaint. (ECF Nos. 50, 51, 74, and 75). Count V of the second amended complaint alleges that Gaylord is liable for breach of the Inaugural Ball

Hotel Block Contract (ECF No. 75 ¶¶ 59-66). Defendant Gaylord now moves to dismiss count V. (ECF No. 80).

**II. Motion to Dismiss**

    **A. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in

the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B. Analysis**

Gaylord argues that count V of the second amended complaint should be dismissed because Plaintiff has failed to state a valid cause of action for breach of contract. Gaylord contends that Plaintiff did not contract to reserve specific,

4

identifiable pre-assigned rooms, but rather that the contract specified that Gaylord would make rooms available to any of Plaintiff's guests upon their arrival at the hotel. Consequently, because none of Plaintiff's guests showed up to the hotel and were denied rooms, Gaylord never breached the contract. (ECF No. 80-1, at 1-2). In other words, Gaylord maintains that the contract contained an implicit, but necessary, condition precedent to the hotel's obligation to furnish an actual room for occupancy—namely that a guest had to present himself at the hotel with a reservation and demand to occupy a room. (ECF No. 80-1, at 7). In support Gaylord cites to hotel breach of contract cases from other jurisdictions where plaintiffs with reservations attempted to check in and were turned away or transferred to hotels of lesser quality. (*Id.* at 7-9)(citing *Wells v. Holiday Inns, Inc.*, 522 F.Supp. 1023 (W.D.Mo. 1981), *Dold v. Outrigger Hotel*, 54 Haw. 18, 23 (1972)(overruled on other grounds), *Rainbow Travel Serv. v. Hilton Hotels*, 896 F.2d 1233 (10th Cir. 1990), *Odysseys Unlimited v. Astral Travel Serv.*, 77 Misc.2d 502, 505 (N.Y.Sup.Ct. 1975), and *Marriot Corp. v. Am. Acad. of Psychotherapists, Inc.*, 157 Ga.App. 497 (1981)). Gaylord argues that because Plaintiff does not allege that any guests completed this condition precedent,

5

Gaylord's duty to perform was not triggered and Plaintiff cannot claim that a breach of the contract occurred. (*Id.*).

Plaintiff argues in response that Gaylord is simply repeating its "no harm no foul" argument that this court previously rejected and arguing that it had a right to double revenue for the same rooms. (ECF No. 86, at 2). Plaintiff also contends that Gaylord's argument that the contract contained an implied condition precedent is not an appropriate basis for granting the motion to dismiss now, but rather is a defense that Gaylord may pursue as the case progress. (*Id.* at 4-5). Finally Plaintiff contends that Gaylord should be judicially estopped from arguing that the contract between the parties should fail for indefiniteness because in its prior motion to dismiss Gaylord argued that the Plaintiff's claim for unjust enrichment should be dismissed because the claim was governed by the parties' express contract. (*Id.* at 5). Ultimately the key dispositive issue is the question of whether the contract included a condition precedent.

Under Maryland law, to state a claim for breach of contract a plaintiff must plead the existence of a contractual obligation owed by the defendant to the plaintiff and a material breach of that obligation. *RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638,

658 (2010).[1]  Where a contractual duty is subject to a condition precedent, there is no duty of performance until the condition precedent has occurred or been performed. *Chirichella v. Erwin*, 270 Md. 178, 181 (1973)(citing *Griffith v. Scheungrab*, 219 Md. 27, 34-35 (1958)).  In *Chirichella,* the Court of Appeals of Maryland noted that "[a] condition precedent has been defined as 'a fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance of a promise arises."  (*Id.* at 182)(quoting 17 Am.Jur.2d. Contracts, § 320); *see also* 13 Williston on Contracts § 38:1 (4th ed. 2010)("A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance.").  "Whether a provision in a contract is a condition the nonfulfillment of which excuses performance

---

[1] When ruling on state law claims, a United States District Court sitting in Maryland applies Maryland's choice of law rule. *McCoubrey v. Kellog, Krebs & Moran*, 7 F.App'x. 215, 219 (4th Cir. 2001)(citing *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487 (1941)).  "Maryland applies the law of the jurisdiction where the contract was made to matters regarding the validity and interpretation of contract provisions, and a contract is made where the last act necessary to make the contract binding occurs."  *Riesett v. W.B. Doner & Co.*, 293 F.3d 164, 173 n.5 (4th Cir. 2002)(internal citations omitted).  The contract between Plaintiff and Gaylord indicated that it would become final after Gaylord counter-signed. (ECF No. 75, Ex. C, at 3). Although not explicit from the face of the document, the court will presume for the time being that Gaylord signed the agreement in Maryland where it is it located, and will apply Maryland law.

depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." 13 Williston on Contracts § 38:1; *Chirichella*, 270 Md. at 182. Practical convenience and necessity have led courts to include within the term "express conditions" not only those manifested by words, but also those necessarily inherent in the actual performance of the contract, which are sometimes termed "conditions implied in fact" or "implied conditions." 13 Williston on Contracts § 38:11. Conditions precedent are not favored in law and courts should not construe such unless required to do so by plain, unambiguous language or by necessary implication. *Hubler Rentals, Inc. v. Roadway Exp., Inc.*, 637 F.2d 257 n.2 (4th Cir. 1981).

Here, Plaintiff has alleged that it was party to a contract with Gaylord, (ECF No. 75 ¶¶ 70 and 60), and it attached a copy of that contract as an exhibit to the complaint. (*Id.* Ex. C). The contract required that Plaintiff pay $1,155,872.44 in exchange for Gaylord reserving a block of rooms for the nights of January 20 and 21, 2009. Plaintiff paid 100% of the full cost of the room reservations up front. The contract contains no language indicating that Plaintiff would forfeit its right to the rooms if its guests failed to show up by a certain time, and

8

Plaintiff alleges that Gaylord was contractually obligated to give Plaintiff the exclusive right to use and/or possess the rooms. (*Id.* ¶ 28). Plaintiff contends that Gaylord's re-booking of the rooms in Plaintiff's block and Gaylord's failure to then reimburse Plaintiff for the amount it had paid for the room's exclusive use and possession constitutes a breach of Gaylord's obligation to maintain the rooms for Plaintiff's exclusive use. (*Id.* ¶ 62).

The language of the parties' contract does not on its face contradict Plaintiff's interpretation. There is no provision expressly including the condition precedent as set forth in Gaylord's memorandum. Moreover, the contract's language states: "The following guest rooms have been reserved" and then includes a table with the specific number of each type of room that was included in Plaintiff's block. (*Id.* Ex. C, at 1). In addition, the contract specified that 100% of the cost had to be paid by Plaintiff up-front and was non-refundable. (*Id.* Ex. C, at 2-3). The only reference to Gaylord releasing rooms from the block appears in the section labeled "Confirmation" where it states that Plaintiff had to submit a signed copy of the agreement with full payment by Thursday, December 11, 2008 at 5:00 p.m., otherwise Gaylord reserved the right to release the rooms from the block at 5:01 p.m. EST on that date. (*Id.* Ex. C, at 3).

There is no allegation that Plaintiff failed to submit a signed copy and full payment by the required date, and, thus, on its face the contract provides no authorization for Gaylord to release any rooms from the block. Thus the contract itself does not contradict the allegations in Plaintiff's second amended complaint, and Plaintiff has stated a claim for breach of contract.

The cases referenced by Gaylord in its motion to dismiss do not alter this decision. The fact that courts have found breaches of contract where guests with reservations showed up and were denied rooms does not lead inexorably to Gaylord's conclusion that in any case with a different fact pattern there can be no breach of contract. Each contract is unique and a party's obligations will differ according to the terms of the governing contract. Likewise, Gaylord's argument that the seconded amended complaint lacks the requisite specificity because it fails to identify the specific room numbers or locations of the rooms that Gaylord was obligated to reserve is unconvincing. The implication in Plaintiff's complaint is that the Gaylord failed to reserve the requisite number of rooms for Plaintiff's use. Accepting this allegation as true, Plaintiff has stated a claim against Gaylord.

**III. Conclusion**

For the foregoing reasons, Defendant Gaylord National, LLC's motion to dismiss will be denied. A separate Order will follow.

<pre>                          /s/                    </pre>
DEBORAH K. CHASANOW
United States District Judge